UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

BANK OF THE WEST,

    PLAINTIFF

v.

CL TECH, INC. AND FRED C. STADLER,

    DEFENDANTS.

CASE NO. 1:16-CV-2902

## COMPLAINT

Plaintiff Bank of the West hereby files its Complaint against Defendants CL Tech Inc. and Fred C. Stadler, showing the Court as follows:

### I. PARTIES AND JURISDICTIONAL ALLEGATIONS

1. Plaintiff Bank of the West ("BOW"), is a California banking corporation with its principal place of business located in San Francisco, California.

2. Defendant CL Tech, Inc. ("CL Tech") is an Indiana corporation with its place of business located at P.O. Box 277, Edinburgh, Indiana 46124. CL Tech can may be served through its registered agent, Peter C. Ariens, at 212 West 6th Street, Jasper, Indiana 47526, or wherever else he may found.

3. Defendant Fred C. Stadler ("Stadler") is an individual citizen of Indiana. Stadler may be served at 295 Linden Lane, Columbus, Indiana 47201, or wherever else he may be found.

4. This Court has personal jurisdiction over CL Tech and Stadler (collectively, "Defendants"), as Defendants are citizens of Indiana.

5. This Court has subject-matter jurisdiction over this matter, pursuant to 28 U.S.C. § 1332, as BOW and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391(b), as Defendants reside within the Southern District of Indiana, Indianapolis Division.

## II. FACTUAL BACKGROUND

A. <u>The Lease Documents</u>.

7. On or about June 26, 2014, CL Tech entered into that certain Commercial Lease Agreement No. 0113734-001 ("Lease 001") with Trinity, a Division of Bank of the West, for the lease of a New Fanuc R-2000iB/165R 6-Axis Robotic Machining System (the "Lease 001 Equipment"). A true and correct copy of Lease 001 is attached as Exhibit A.

8. Lease 001 is guaranteed by that certain Personal Guaranty from Stadler dated June 26, 2014 (the "Lease 001 Guaranty"). A true and correct copy of the Lease 001 Guaranty is attached as Exhibit B.

9. On or about April 1, 2015, CL Tech entered into that certain Lease Agreement No. 0003521-011 ("Lease 002") with Manufacturers Capital, LLC ("Manufacturers Capital") for the lease of one new Roto-Flo 4-1084#DOJ95L Production Racks w/ Spacers S/N, one new Roto-Flo 3-383#BJ107L Production Racks w/ Spacers S/N, and one new WCEC Robotic Material Handling Cell Training S/N (the "Lease 002 Equipment"). A true and correct copy of Lease 002 is attached as Exhibit C.

10. Lease 002 is guaranteed by that certain Guaranty from Stadler dated April 1, 2015 (the "Lease 002 Guaranty"). A true and correct copy of the Lease 002 Guaranty is attached as Exhibit D.

11. By Assignment dated April 23, 2015, Manufacturers Capital assigned Lease 002 and the Lease 002 Guaranty to BOW (the "Lease 002 Assignment"). A true and correct copy of the Lease 002 Assignment is attached as Exhibit E.

12. On or about July 26, 2013, CL Tech entered into that certain Lease Agreement No. 001156-012 ("Lease 003") with Connext Financial, Ltd. ("Connext Financial") for the lease of an Okuma Genos L400 Lathe (the "Lease 003 Equipment"). A true and correct copy of Lease 003 is attached as Exhibit F.

13. Lease 003 is guaranteed by that certain Personal Guaranty from Stadler dated July 26, 2013 (the "Lease 003 Guaranty"). A true and correct copy of the Lease 003 Guaranty is attached as Exhibit G.

14. By Assignment dated August 1, 2013, Connext Financial assigned Lease 003 and the Lease 003 Guaranty to BOW (the "Lease 003 Assignment"). A true and correct copy of the Lease 003 Assignment is attached as Exhibit H.

15. On or about July 26, 2013, CL Tech entered into that certain Lease Agreement No. 001156-013 with Connext Financial ("Lease 004" and, collectively with Lease 001, Lease 002, and Lease 003, the "Leases") for the lease of a Master 3DGage Six-Axis CMM Machine (the "Lease 004 Equipment" and, collectively with the Lease 001 Equipment, the Lease 002 Equipment, and the Lease 003 Equipment, the "Equipment"). A true and correct copy of Lease 004 is attached as Exhibit I.

16. Lease 004 is guaranteed by that certain Personal Guaranty from Stadler dated July 26, 2013 (the "Lease 004 Guaranty" and, collectively with the Lease 001 Guaranty, the Lease 002 Guaranty, and the Lease 003 Guaranty, the "Guarantees," and collectively with the Leases,

the "Lease Documents").  A true and correct copy of the Lease 004 Guaranty is attached as Exhibit J.

17. By Assignment dated August 5, 2013, Connext Financial assigned Lease 004 and the Lease 004 Guaranty to BOW (the "Lease 004 Assignment").  A true and correct copy of the Lease 004 Assignment is attached as Exhibit K.

B. The Defaults.

18. CL Tech failed to comply with or to perform certain of the terms, obligations, covenants or conditions under the Lease Documents including, without limitation, the failure to pay scheduled lease payments as they became due, and is in default under the Leases.

19. Stadler failed to pay amounts owing under the Leases as and when due and is in default of the Guarantees.

20. By letter dated March 9, 2016, BOW provided Notice of Default and Notice of Termination of Leases to Defendants as a result of Defendants' defaults under the Lease Documents and demanded the immediate payment of all amounts due and owing under the Lease Documents (the "Notice of Default").  A true and correct copy of the Notice of Default is attached as Exhibit L.

21. Defendants have not paid all amount due and owing under the Lease Documents.

C. The UCC Sale and the Deficiency.

22. By letter dated July 7, 2016, BOW provided Notice of Secured Party Public Sale and Right of Redemption to Defendants (the "Notice of Public Sale"), notifying Defendants that it intended to sell or otherwise dispose of certain of the Equipment, pursuant to Uniform Commercial Code Section 9-610, et seq., through an on-line public auction conducted by Resell

CNC Auctions that would close on August 18, 2016 (the "UCC Sale"). A true and correct copy of the Notice of Public Sale is attached as Exhibit M.

23. The UCC Sale resulted in the sale of the Equipment listed in the Notice of Public Sale, for which BOW received the net sale proceeds of $38,021.00.

24. After the UCC Sale, there are substantial deficiencies owed under the Lease Documents.

25. As of October 14, 2016, the following amounts were owed under the Lease Documents:

| Lease | Past Due | Unpaid Payments Discounted @ 3% | SubTotal | Late Fees | Total Amount |
|---|---|---|---|---|---|
| Lease 001 | $66,081.12 | $173,727.57 | $239,808.70 | $0.00 | $239,808.70 |
| Lease 002 | $6,868.03 | $19,608.18 | $26,476.21 | $105.68 | $26,581.89 |
| Lease 003 | $21,821.52 | $9,254.63 | $31,076.15 | $0.00 | $31,076.15 |
| Lease 004 | $12,886.58 | $18,919.14 | $31,805.72 | $0.00 | $31,805.72 |

26. In addition, the Lease Documents provide for interest on past due and unpaid amounts and awards of attorneys' fees.

### III.  CAUSES OF ACTION

#### COUNT I
#### Breaches of the Leases

27. BOW re-alleges and incorporates by reference the allegations in Paragraphs 1 through 26.

28. CL Tech is in default of its obligations under the Leases for failing to pay amounts owing under the Leases as and when due.

29. CL Tech is liable on Lease 001 for the past due amount of $66,081.12, unpaid payments discounted to its present value at a rate of 3% per year in the amount of $173,727.57, and interest that has accrued and continues to accrue pursuant to Lease 001.

30. CL Tech is liable on Lease 002 for the past due amount of $6,868.03, unpaid payments discounted to its present value at a rate of 3% per year in the amount of $19,608.18, late fees in the amount of $105.68, and interest that has accrued and continues to accrue pursuant to Lease 002.

31. CL Tech is liable on Lease 003 for the past due amount of $21,821.52, unpaid payments discounted to its present value at a rate of 3% per year in the amount of $9,254.63, and interest that has accrued and continues to accrue pursuant to Lease 003.

32. CL Tech is liable on Lease 004 for the past due amount of $12,886.58, unpaid payments discounted to its present value at a rate of 3% per year in the amount of $18,919.14, and interest that has accrued and continues to accrue pursuant to Lease 004.

## COUNT II
### Breaches of the Guarantees

33. BOW re-alleges and incorporates by reference the allegations in Paragraphs 1 through 32.

34. Stadler is in default of his obligations under the Guarantees for failing to pay amounts owing under the Leases and Guarantees as and when due.

35. Stadler is liable on Lease 001 for the past due amount of $66,081.12, unpaid payments discounted to its present value at a rate of 3% per year in the amount of $173,727.57, and interest that has accrued and continues to accrue pursuant to Lease 001.

36. Stadler is liable on Lease 002 for the past due amount of $6,868.03, unpaid payments discounted to its present value at a rate of 3% per year in the amount of $19,608.18,

late fees in the amount of $105.68, and interest that has accrued and continues to accrue pursuant to Lease 002.

37. Stadler is liable on Lease 003 for the past due amount of $21,821.52, unpaid payments discounted to its present value at a rate of 3% per year in the amount of $9,254.63, and interest that has accrued and continues to accrue pursuant to Lease 003.

38. Stadler is liable on Lease 004 for the past due amount of $12,886.58, unpaid payments discounted to its present value at a rate of 3% per year in the amount of $18,919.14, and interest that has accrued and continues to accrue pursuant to Lease 004.

## COUNT III
### Attorneys' Fees

39. BOW re-alleges and incorporates by reference the allegations in Paragraphs 1 through 38.

40. Defendants are liable to BOW for its attorneys' fees, pursuant to the Lease Documents.

WHEREFORE, BOW demands as follows:

A. Judgment against Defendants, jointly and severally, in the following amounts:

1. On Lease 001, for the past due amount of $66,081.12, unpaid payments discounted to its present value at a rate of 3% per year in the amount of $173,727.57, and interest that has accrued and continues to accrue pursuant to Lease 001;

2. On Lease 002, for the past due amount of $6,868.03, unpaid payments discounted to its present value at a rate of 3% per year in the amount of $19,608.18, late fees in the amount of $105.68, and interest that has accrued and continues to accrue pursuant to Lease 002;

       3.       On Lease 003, for the past due amount of $21,821.52, unpaid payments discounted to its present value at a rate of 3% per year in the amount of $9,254.63, and interest that has accrued and continues to accrue pursuant to Lease 003; and

       4.       On Lease 004, for the past due amount of $12,886.58, unpaid payments discounted to its present value at a rate of 3% per year in the amount of $18,919.14, and interest that has accrued and continues to accrue pursuant to Lease 004;

B.      Their costs and attorney's fees; and

C.      Any and all other relief to which it may be entitled.

 

s/Neal Bailen
_____
Neal Bailen
Supreme Court No. 26246-53
E-mail:  nbailen@stites.com
Chelsea Stanley
Supreme Court No. 32770-22
E-mail: cstanley@stites.com
STITES & HARBISON, PLLC
323 East Court Avenue
Jeffersonville, IN  47130
Telephone: (812) 282-7566
COUNSEL FOR PLAINTIFF,
BANK OF THE WEST

90009:2:JEFFERSONVILLE